## DWELLING HOUSE INS. CO. v. PETER HOFFMAN.

ERROR TO THE COURT OF COMMON PLEAS OF CLEARFIELD COUNTY.

Argued April 23, 1889—Affirmed at Bar.

A policy of fire insurance which provided that it should be void, " if the property, or any part thereof, shall be sold, conveyed, encumbered by mortgage or otherwise," is not rendered invalid by the existence of liens against it, when no questions were asked by the agent of the company and no representations were made by the insured, touching the matter, when the policy was issued.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and Mc-COLLUM, JJ.

No. 205 January Term 1889, Sup. Ct.; court below, No. 82 May Term 1888, C. P.

On February 22, 1888, Peter Hoffman brought an action of assumpsit against the Dwelling House Insurance Company of Boston on a policy of fire insurance. The policy contained the following clause:

" Or if the hazard shall be increased in any way, or if the property or any part thereof shall be sold, conveyed, encumbered by mortgage or otherwise, or any change takes place in the title, use, occupation or possession thereof whatever, or if foreclosure proceedings shall be commenced, or if the interest of the assured in said property or any part thereof now is or shall become any other or less than a perfect legal and equitable

title and ownership, free from all liens whatever, except as stated in writing hereon, or if the buildings or either of them stand on leased ground, or land of which the assured has not a perfect title, or if this policy shall be assigned without written consent hereon, then and in every such case this policy shall be absolutely void."

At the trial on September 25, 1888, before KREBS, P. J., the following facts appeared:

In 1871 Peter Hoffman, who was an illiterate man, bought by an agreement in writing about ten acres of real estate. Although he had paid the purchase money no deed was made to him. From 1872 to 1886 he erected a dwelling house and made various improvements on the land. In 1883 two small judgments were entered against him. The undisputed testimony was that no written application was made for the insurance by the plaintiff; that the agent of the defendant company came to his house and solicited him to insure in the defendant company; that no representations were made by the plaintiff that the property was not incumbered in any way, and no questions were asked by the agent whether or not there were any liens of any character against the plaintiff's property.

Under this state of facts the jury were instructed to find for the plaintiff, subject to the reserved question of law whether or not under that clause of the policy which stipulates in these words: " Or if the property, or any part thereof, shall be sold, conveyed, encumbered by mortgage or otherwise," the policy written was a valid and binding one, and the defendant company liable for the amount claimed by the plaintiff.

The jury rendered a verdict for the plaintiff for $712.18.

Subsequently the court entered judgment in favor of the plaintiff upon the question of law reserved. The defendant thereupon took this writ, specifying that the court erred in entering judgment for the plaintiff on the reserved point.

*Mr. Frank G. Harris*, for the plaintiff in error:

Cited: McClure v. Insurance Co., 90 Pa. 277 ; Birmingham F. Ins. Co. v. Kroegher, 83 Pa. 64; Lancaster F. Ins. Co. v. Lenheim, 89 Pa. 497; Smith v. Insurance Co., 24 Pa. 320 ; Wood on Fire Insurance, 10, 405, 1151, 1152; Weisenberger v. Insurance Co., 56 Pa. 444 ; West Br. Ins. Co. v. Helfenstein,

40 Pa. 289; Penn. Ins. Co. v. Gottsman, 48 Pa. 151; Brown v. Insurance Co., 41 Pa. 187; Hench v. Insurance Co., 122 Pa. 128; Penn. M. F. Ins. Co. v. Schmidt, 119 Pa. 449; Commonwealth M. F. Ins. Co. v. Huntzinger, 98 Pa. 41; Imperial F. Ins. Co. v. Dunham, 117 Pa. 473; Finley v. Insurance Co., 30 Pa. 311.

*Mr. Joseph B. McEnally* and *Mr. Daniel W. McCurdy*, for the defendant in error:

Cited: Wood on Fire Insurance, §§ 390, 392, 395; Eilenberger v. Insurance Co., 89 Pa. 464; Clark v. Insurance Co., 8 How. 235; Susq. M. F. Ins. Co. v. Cusick, 109 Pa. 157; Penn. F. Ins. Co. v. Dougherty, 102 Pa. 568; Riley v. Insurance Co., 110 Pa. 144; Susq. M. F. Ins. Co. v. Elkins, 124 Pa. 484.

PER CURIAM:

On the argument at bar,

Judgment affirmed.