## Weiss *v.* American Fire Insurance Co., Appellant.

148   349
199   53

148      349
22 SC  *505

148      349
211     *272

148   349
40SC*298

*Fire insurance—Policy — Condition against incumbrances—Condition against foreclosure.*

A condition in a policy that the assured shall not "incumber the property without the consent of the company indorsed hereon," is not broken by the fact that the insured allowed judgments to be entered against him, which became liens on the property insured, provided the total amount of incumbrance is no greater than when the insurance was effected.

A condition that if any change take place in the title of the property, "or if foreclosure suit shall have been or be hereafter begun, or the title or possession be now or hereafter become in any way involved in litigation," the policy shall be void, is not broken by the issue of a scire facias sur mortgage. The scire facias is not a technical foreclosure within the meaning of the policy, nor is it a violation of its spirit, since there has been no alienation of title or change of possession and increased risk.

*Proofs of loss—Failure to furnish within time specified—Waiver.*

Where a policy required that proofs of loss should be furnished within thirty days from the date of the fire, and a total loss occurred, of which

prompt notice was given to the company, which sent its agent and adjuster to investigate, and the company denied all liability under its policy and the adjuster attempted to settle, and on failing left, saying that he would be back in a short time, and afterward, thirty-nine days after the fire, formal proofs of loss were furnished to the company, which retained them for eighty-six days without any objection thereto,

*Held,* That no advantage could be taken by the company of the failure to furnish proofs within thirty days.

Argued March 17, 1892. Appeal, No. 296, Jan. T., 1892, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1891, No. 316, on verdict for plaintiff, Frederick Weiss, to use of Lucy M. Munson. Before PAXSON, C. J., STERRETT, MC-COLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on policy of insurance.

At the trial, before METZGER, P. J., the evidence was to the following effect: Plaintiff took out a policy of insurance from defendant company for the sum of $1,500. At the time he took it the property was incumbered by a mortgage held by Lucy M. Munson, and the policy recited, "loss, if any, payable to Lucy M. Munson, as her interest may appear." The policy contained conditions that proofs of loss should be furnished within thirty days, and that the policy should be void " if the assured shall sell or transfer the property described herein, or incumber the same without the consent of the company indorsed hereon. . . . . Or if foreclosure suit shall have been or be hereafter begun, or the title or possession be now or hereafter become in any way involved in litigation."

The plaintiff having failed to pay interest upon the mortgage above referred to, the mortgagee issued a scire facias March 12, 1891, which was served March 21, 1891. March 22, the property was entirely destroyed by fire. On the occasion of a previous slight loss by fire defendant had paid $30 to plaintiff.

Further facts appear by the charge and the opinion of the Supreme Court.

The court charged the jury, in part, as follows:

" It appears by the terms of this policy that the assured was to give immediate notice (or notice as soon as possible) to the company of the loss, and that within thirty days after the loss he was to furnish the company with a sworn statement of

his loss, giving the items.   Under the terms and conditions of this policy, as we take it, and under the evidence in this particular case, we have to instruct you that this condition must be complied with by the plaintiff before he can recover, or he must show that this condition was waived by the company.

"Now, it is not contended on the part of the plaintiff that he complied with this condition literally, but it is contended on the part of the plaintiff that the company waived a strict compliance with it; and for this purpose he has given evidence of negotiations which took place between the adjuster, Schweiker, the local agent, and the plaintiff in this case.   He also gives in evidence that proofs were furnished them about ten days after the expiration of the thirty days, and that these proofs were not returned, nor did he receive any reply objecting to these proofs nor to the lateness of time at which they were received.   There is no doubt about the fact that the letter containing these proofs was sent, because you have the evidence here of the receipt which was given for this letter, and also the receipt of the company, I believe, that received the letter inclosing these proofs, provided you believe the evidence of Mr. King who was sworn on that subject.   It is also contended that there is other evidence from which a waiver may be inferred.   Statements that were made by the adjuster and by Mr. Schweiker at the time when they were together with Mr. Weiss in the office of Mr. Schweiker.—Statements in reference to their non-liability upon this policy, and there may be other circumstances which I do not remember, but we submit all the facts that have been shown on the part of the plaintiff to you, and ask you to determine from them whether the company actually did waive the proofs required by this policy, or did not waive them.   If the company intended to insist upon a full compliance with this condition, and did nothing which would induce the other party to believe that they dispensed with a compliance with it, then there would be no waiver.   But, do all the acts of the company's agents taken together convince you that the acts were of such a character as would mislead the plaintiff, and thereby prevent him from making his proofs in time ?   Because, if the proofs were delayed on account of any acts done by the agent or agents of the company, then such delay is an excuse, and the company

cannot take advantage of it; and this is based upon the principle that a man cannot take advantage of his own wrong. If he has in some way misled another party to his hurt, he cannot afterwards say that 'Now, you didn't carry out what you were required to do, and you cannot recover.' The sole question is whether the company or its authorized agents was guilty of such conduct, such acts, as would constitute a waiver or an excuse on the part of the plaintiff for not furnishing the proofs in the thirty days. If they were sufficient, then there was a waiver, and it is for you to determine upon the sufficiency. . . .

"If there was a waiver of this condition, then you pass to the next question, and the next question is whether the condition in this policy in reference to the entering of incumbrances was violated by the insured or not? Now, among the conditions in this policy, is a clause which reads as follows: 'Or if the assured shall sell or transfer the property described herein, or incumber the same without the consent of the company indorsed hereon, the policy shall be void,' etc. Now, did the plaintiff do that? If he did, then he can't recover, even though the company did waive the proofs of loss. Now, the incumbrances are in evidence before you. You will bear in mind that when this property was purchased he was to pay $2,200 for it, that there was upon it at that time $1,500 mortgage in favor of Lucy Munson, and that mortgage he assumed, so that the balance of the purchase money to be paid by him was only $700. This was in the fall of 1888. He got possession of the premises at that time, and he got his insurance on the 16th of March, 1889. Well, he didn't get his deed, as I have it on my notes, until April 13, 1889. So that you will perceive, gentlemen, that this insurance was effected before he got his deed, and he still owed $700 on the property as purchase money; therefore, the amount of the incumbrances which were upon the property at that time was $700. Now, it does not appear from any evidence in this case that their agent asked him whether or not there was any incumbrances, or what incumbrances there were upon it, and they cannot therefore take advantage of the fact that there was $700 of incumbrances upon it at that time. In order to constitute a breach of this condition, it would be necessary for the defendant to show that

there were afterwards more incumbrances put upon this property by him than the amount of $700.

"Although there may have been other incumbrances put upon this property, yet, if at no one time the amount exceeded $700 besides this mortgage in controversy (because that was on too), then they have not shown that there was a breach of that condition.   An insurance contract is a contract of indemnity.   The intention of that provision is that they shall know just exactly how much this man is worth, and how much he owes or is incumbered.   Well, now, if he is not incumbered any more; if some old incumbrances are paid and he puts new ones on in their place, and it don't make it any higher than it was in the beginning, the company is not injured, and they could not take advantage of that, in my judgment.   And I therefore instruct you if you find the incumbrances that he put on afterwards did not in the aggregate amount to more than the incumbrances that were on it before—if enough of the incumbrances were paid off before the new ones were put on so that the whole amount of the incumbrances at any time did not exceed $700, then this condition in the policy has not been broken, and the plaintiff is not, on that account, to lose his claim.

"Now, the other condition provides that it shall also be void if foreclosure suits shall have been brought or commenced. Now, suit was commenced on the mortgage which was on this property at the time when this insurance was effected.   It was a scire facias issued upon that mortgage for the purpose of getting it into judgment, so as to enable the mortgagee to proceed and levy upon this property and sell it if the debt was not paid. It was a proceeding to enforce the conditions of the mortgage, and it would not amount to a foreclosure until a sale was made, because up until a sale was made, the right to redeem existed, and the mortgage could have been extinguished by payment at any time, and the company, therefore, could not possibly have been injured by the mere issuing of the scire facias.   We do not think that this clause in the policy means the mere issuing of a scire facias in order to obtain a judgment upon a mortgage.   It has reference to a foreclosure proceeding whereby the right or equity of redemption in the mortgagor is to be extinguished and the right to the property forfeited; and there-

fore we will instruct you in this case that that condition has not been violated by the mere issuing of a scire facias on a mortgage."

Plaintiff submitted the following points:

" 1. The policy is not rendered invalid by liens not inquired of when the insurance was effected. *Answer :* We affirm this point, and say to you this is the law of the case on that point. [1]

" 2. Incumbrances avoiding the policy in this case are only those made by the assured, and if the incumbrances did not exceed the original amount of incumbrances when the insurance was effected, the policy has not been avoided and the plaintiff can recover. *Answer :* We also affirm this point. That he can recover provided you find that the other conditions of the policy were either not violated or waived. [2]

" 3. The issuing of the scire facias by Mrs. Munson on her mortgage one or two days before the fire did not avoid the policy. *Answer :* We affirm this point, and say to you that is the law. [3]

" 5. The act of the company in preparing proofs of loss after its adjuster and agent had visited the premises and offered to pay $750, as also that immediate notice of a total loss was given the company and formal proofs sent them on May 2, 1891, but 39 days after the fire, and retained by the company without objection or answer until filing their affidavit of defence in this case, 86 days afterwards, is evidence for the jury from which waiver of proofs of loss may be inferred. *Answer :* We cannot affirm this point, but we say to you in answer to it that if you find the facts as stated in this point, you may consider them as evidence tending to prove a waiver ; and if they, in connection with the other testimony in this case, will satisfy you that there was a waiver, then the plaintiff is entitled to recover, unless you find some violation of other conditions. [4] "

Defendant submitted the following points:

" 1. The assured, not having furnished proofs of loss to the company defendant, nor rendered a particular account signed and sworn to by him, within thirty days from the date of the fire, as provided in the fifth clause of the policy, he cannot recover, and your verdict must be in favor of the defendant.

*Answer :* We cannot affirm this point, because, although he did not comply with that clause of the policy, yet, if you find that the proofs of loss were waived, then he may recover. [5]

" 2. To establish a waiver, as to proofs of loss, or any other warranty or condition of the policy, there must have been an intention on the part of the company, or its authorized agents, to make such waiver ; and negotiations of settlement or compromise, or an offer of a sum of money by the defendant for that purpose, which offer was refused by the assured, are not sufficient evidence of such waiver. *Answer :* We affirm this point. If that was all the evidence on the subject, that would not, in itself, be a waiver, as we have already stated in our general charge. [6]

" 3. The uncontradicted evidence in this case, being that unsigned proofs of loss were forwarded by Thomas Graeme, the adjuster, to F. D. Schweiker, the local agent of the company, on or about April 17, 1891, within 30 days from the date of the fire; and the fact that said unsigned and unsworn proofs for the sum of $750 were at the office of F. D. Schweiker, the local agent in Williamsport, was communicated to Frederick Weiss, the assured, within thirty days, and he refusing to sign and make affidavit to the same or accept the sum offered as a compromise, does not constitute a waiver of the proofs required by the policy. *Answer :* We answer this point as we did the preceding point. It is about the same in substance ; because, an offer of compromise alone, without anything more, would not be sufficient, where the offer was refused, to constitute a waiver. [6]

" 4. The retention of proofs of loss which were received by the company on May 3, A. D. 1891, and their silence in regard to them, cannot constitute a waiver of such proofs, or of the time during which they should have been furnished. As the uncontradicted evidence shows, they were not forwarded or received within the thirty days, as required by the policy. *Answer :* We affirm this point, because it wants me to say to you that that alone would not be sufficient to amount to a waiver, and we say that it would not be. If there was nothing else that happened before that, there would be no waiver, or could be no waiver. [6]

"5. A writ of sci. fa. having been issued to foreclose the mort-

gage held by Mrs. Lucy Munson, on the 12th day of March, A. D. 1891, the issuing of such writ was in violation of the terms of the policy, viz.: 'If foreclosure suit shall have been, or be hereafter begun,' such proceedings rendered the policy void, and your verdict must be in favor of the defendant. *Answer :* We do not so instruct you. We refuse this point. [7]

" 6. The assured, having incumbered his property, after the policy was issued and delivered to him, by allowing judgments to be entered against him, which judgments were liens on the property insured, such judgments rendered the policy null and void, and your verdict must be in favor of the defendant. *Answer:* We refuse this point for the reason that the mere fact of judgments having been entered against him afterwards will not avoid it, unless the entry of those judgments made the incumbrances greater against him than they were at the time of the insurance. [8]

" 7. Under all the evidence in this case, you are directed to find a verdict in favor of the defendant. *Answer:* We cannot so instruct you, because the evidence in this case is for you under the instructions of the court, and it is a fact from the evidence for you to determine whether the plaintiff should recover or not." [9]

Verdict for plaintiff for $1,470 and judgment thereon. Defendant appealed.

*Errors assigned* were (1–9) the answers to points, quoting the points and the answers.

*Henry W. Watson,* for appellants.

*C. La Rue Munson, A. W. King* and *Addison Candor* with him, for appellees.

PER CURIAM, March 28, 1892:

A careful examination of the numerous specifications fails to disclose error. The plaintiff's 5th point might well have been affirmed, as the facts contained therein, if found by the jury, were clearly evidence of a waiver. The court declined to affirm it, but said the facts as stated therein tended to prove a waiver, and, in connection with the other testimony in the case, were sufficient to justify the jury in finding the fact of waiver. This instruction was more favorable to the defendant than it had a right to expect, and is not the subject of just ground of complaint.

We find no error in the instruction, that if the incumbrances did not exceed the original amount of incumbrances when the insurance was effected, the policy has not been avoided. We are also of opinion that the learned judge did not err when he instructed the jury that " the issue of the scire facias by Mrs. Munson on her mortgage, one or two days before the fire, did not avoid the policy." The scire facias was not a technical foreclosure within the meaning of the policy. It was not, therefore, violated in terms. Nor do we think it was violated in spirit, as there had been no alienation of title, or change of possession and increase of risk, which is the gist of the reason for the clause referring to foreclosure.

The objection, that the proofs of loss were not furnished in the time required by the policy, is without merit. The loss was a total one upon buildings. The proofs were furnished in a few days after the time limited in the policy. Prompt notice had been given to the company of the loss, and the latter sent its agent and adjuster to investigate it. The company denied all liability under its policy. The adjuster attempted to settle for $750, and left, saying he would be back again in a short time. The proofs of loss were received by the company and retained for eighty-six days, without any objection thereto, upon any ground, until it filed its affidavit of defence in this case. It has been decided in numerous cases that, where an insurance company retains the proofs of loss without objection for a considerable period of time, it is a waiver of any defects therein : German & American Insurance Co. v. Hocking, 115 Pa. 406. It has also been repeatedly held that, where a company denied its liability upon other grounds, formal proofs of loss are not necessary: Fire Ins. Co. v. Erb, 112 Pa. 149; Union Type Foundry v. Kittanning Ins. Co., 138 Pa. 137. It is also to be noticed that this was a total loss upon buildings. In such case the law is settled that formal proofs of loss are unnecessary: Farmers' Ins. Co. v. Moyer, 97 Pa. 441; Pa. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Ins. Co. v. Cusick, 109 Pa. 157 ; German & American Ins. Co. v. Hocking, supra.

Judgment affirmed.