## Curry *v.* Sun Fire Office, Appellant.

|155  467|
|165  577|

*Fire Insurance—Misrepresentations by applicants.*

If an applicant for insurance conceals his belief that an attempt had been made by unknown parties to set fire to his house, and his fear that the attempt might be repeated and his house burned, he is self-convicted of the concealment of a fact material to the risk, and he cannot recover on the policy. If, however, he explains that what he first supposed was a malicious attempt to burn his house he subsequently believed to be merely a prank of some boys, the reasonableness and truthfulness of his explanation is for the jury.

*Application for insurance—Misrepresentation—Evidence.*

If an insurance company does not require a written application for insurance, it cannot subsequently object that the applicant did not state in writing the amount and character of the liens and incumbrances on his property. If the evidence is conflicting as to what occurred when the insurance was applied for and what representations were then made by the applicant, the case is for the jury.

Argued April 24, 1893. Appeal, No. 36, July T., 1892, by defendant, from judgment of C. P. Crawford Co., Feb. T., 1888, No. 95, on verdict for plaintiff, Robert Curry. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on policy of fire insurance.

The policy contained a provision that it should become void in the event of any false representation by the insured of the condition, situation, or occupancy of the premises, or any omission to make known any fact material to the risk or of any overvaluation or misrepresentation whatsoever, either in a written instrument or otherwise.

At the trial, it appeared that the company made no demand for a written application when the insurance was applied for. The evidence as to what took place at that time and what representations were made as to value of liens was conflicting.

The company claimed that the plaintiff had concealed the fact that an attempt had been made to burn his house, and his fear that the attempt might be repeated. [The court in rebuttal permitted plaintiff to testify, under objection, that he did not think there had been an attempt to burn the house.] [9]

The court charged in part as follows:

" The first fact relied upon by the defendant is this, that a

short time prior to the issuing of this policy there had been an attempt to set fire to the dwelling house covered by the policy, that that fact was known to the insured, that it was a fact material to the risk, and that the insured knowing such fact, and omitting to communicate it to the insuring company when he applied for the policy, was guilty of fraud, in effect. . . .

[" If it was not an attempt to burn his house, if from all you have heard stated by Mr. Curry, or heard from the defence as having been stated by him at former times, you reach the conclusion that it was not an attempt to burn his dwelling house, then there was nothing for him to communicate, and the person who was insured is not bound to communicate his fears, his apprehensions.] [8] He must communicate facts, and then the insurance company may determine from these facts whether they will undertake the risk or not ; and, when the inquiry is brought before the court for determination, the question is not so much what Mr. Curry may have feared or apprehended, but whether there was reasonable grounds from which he might fear and apprehend. In other words, whether the facts were such as warrant now the conclusion that he was likely to be burned out.

" The plaintiff on the trial here does not deny the facts as he formerly stated them to Mr. Lundy, the agent, and as he stated them to the witnesses, as I understood his testimony on this trial. It is for you in examining his evidence, and considering it, to determine whether he has on this trial changed his statement as to the facts which occurred there as to the dog, the men, the pursuit of the men, the oil, the bottle, the shavings, and the other circumstances which at that time led him to believe that some person was trying to burn his dwelling. He does, however, state that in reflecting upon the matter, considering the whole case, he has made up his mind that it was not an attempt to burn his dwelling house, but was a trick or prank of some boys whom he had driven out of his peach orchard. . . .

" The third element of defence introduced by the defendant is that there was an omission on the part of the insured to give notice of certain judgments which were liens upon his property at the time the insurance was taken out. And this defence is introduced under that clause of the policy already read to you,

which provides that any omission on the part of the insured to state in the written application for his insurance the amount of incumbrances upon the property shall void and defeat the policy.

"It appears from the evidence in this case, gentlemen, that there was no written application for the insurance. [The insurance company might have required the insured to sign a written application for the insurance, and might have required him to make such statements and representations in writing about the condition and value of the property and its situation with reference to liens as it saw fit to exact. It did not, however, do so, and the defendant is not now in a condition to object that the plaintiff did not state in his application in writing to the company the amount and character of the liens and incumbrances upon his property.] [2] . . . . The agent testified in your hearing, yesterday, very emphatically, that when Mr. Robinson asked for the policy, in the conversation between him and Mr. Robinson on the subject Mr. Robinson said, when he asked him if there were liens, judgments, mortgages or otherwise on the property, that there were none. Notwithstanding the fact that the defendant did not ask for a written application and for a statement in writing of the liens upon the property, yet, if Mr. Robinson, in making a verbal application for a policy, stated to the representative of the company that there were no liens, judgments or mortgages on the property, when in point of fact there were liens and judgments on the property, that would be a misrepresentation of the condition of the property such as would void the policy. It was an untrue statement with reference to the existing state of facts, of which you may fairly presume that both Mr. Curry and Mr. Robinson had knowledge, for the defendant offers evidence to show that at that time there were two judgments recorded in Venango county, in which county this property is situated, both in favor of Mr. Robinson, who was then acting as agent in this respect for Mr. Curry, and both of them against Mr. Curry. The plaintiff says, however, that no such statements were made to Mr. Strouse, the agent; Mr. Robinson very positively denies that there was any inquiry made as to whether there were liens on the property at the time, and says no such question was asked him by Mr. Strouse."

Plaintiff's points were among others as follows:

" 3. If the jury find from the evidence that the statement made by the plaintiff in his proof of loss concerning the amount of liens against the property was erroneous, and they further find that said statement was made through inadvertence or mistake as to the amount due upon the judgments, and without fraudulent intent, such statements, so made, will not defeat the plaintiff's right to recover in this suit." Affirmed. [3]

" 7. If the jury find as a fact from all the evidence that the statements made by the plaintiff of or concerning an attempt to burn his house were made under a misapprehension of the facts, and that in fact no such attempt was made, the plaintiff is entitled to recover notwithstanding such apprehension and statements." Affirmed. [4]

" 8. In discussing the question as to whether an attempt had in fact been made to burn the plaintiff's house, there being no evidence of such an attempt except the plaintiff's alleged declaration, the jury should take into consideration the plaintiff's age and infirmities, if any, and if the jury find that such apprehensions were groundless, the plaintiff is entitled to recover notwithstanding fears in respect thereto. *Answer:* We have already instructed you, gentlemen, that the matter of the plaintiff's apprehension is not material in the case. It is a question whether facts existed there from which it could be reasonably concluded that there was an attempt to burn the plaintiff's house." [5]

Defendant's points were among others as follows :

" 1. If there had been an attempt to set fire to the plaintiff's house a short time before he obtained the policy of insurance sued upon, such attempt was material to the risk and increased it ; and if the plaintiff omitted to communicate this fact to the defendant at the time he obtained the insurance, or before it, he cannot recover. The evidence of the fact that there was such an attempt, resting as it does upon statements of facts made by the plaintiff himself, is conclusive against him, unless those facts are explained. There is no evidence tending to explain away those facts. *Answer:* This point is affirmed as to the first period, and is affirmed as to the second period, if it be understood to mean that you are authorized and justified in taking the statement of the plaintiff himself as to the circumstances and facts concerning which he made statements. There

has been no evidence offered to contradict or deny the statements made by the plaintiff as to the facts which he stated as having been correct when the alleged attempt was made to burn the house." [6]

6. Request for binding instructions. Refused. [7]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (2–8) instructions; (9) ruling on evidence; quoting instructions, bill of exceptions and evidence.

*Roger Sherman, Samuel Grumbine* with him, for appellant, cited: Smyth v. Craig, 3 W. & S. 14; Pitts. & S. R. R. v. Gazzam, 32 Pa. 340.

*J. H. Osmer* and *Joshua Douglass,* for appellee, cited: Act of May 11, 1881; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460; Lebanon Mutual Ins. Co. v. Losch, 109 Pa. 100; 2 Wood on Ins., 517; Thierolf v. Ins. Co., 110 Pa. 37.

PER CURIAM, May 22, 1893:

The policy sued on in this case was not founded upon a written application. What transpired when the insurance was applied for and what representations, if any, were made to obtain it, could only be determined from the testimony. This was somewhat conflicting. Its credibility and value were for the jury. They have found that the defendant's agent was not imposed upon, and that no false representations were made to him.

The assignments of error, from the fourth to the ninth inclusive, relate to the failure of the plaintiff to communicate to the company or its agent at the time the policy was applied for, his belief that an attempt had been made by unknown parties to set fire to his house, and his fear that the attempt might be repeated and his house burned. The appellant contends that upon the plaintiff's statement that he had entertained such belief and fear he was self-convicted of the concealment of a fact important to the risk, and for this reason could not recover. This position as it is stated is correct. The difficulty with its application in this case grows out of the subsequent explanation attempted by the plaintiff. Whether this was a reason-

able explanation and a truthful one was for the jury. It was submitted to them fairly, and they have found it to be reasonable and credible. In other words, they have found that when the policy was obtained he did not believe and had no reason to believe that an attempt to burn his house had been made. Whether the jury was justified in this finding was for the court below to determine on a motion for a new trial.

The judgment is affirmed.