## John M. Renninger, Appellant, *v.* Dwelling House Insurance Co.

*Insurance—Fire insurance—Incumbrances—Charge on land.*

A charge upon land created by will is an incumbrance within the meaning of a clause in a policy of fire insurance which provides that "if the property real or personal covered by this policy be or become encumbered by a mortgage, trust-deed, judgment or otherwise, the entire policy shall be void, unless otherwise provided by agreement endorsed hereon or added hereto."

Argued May 2, 1895. Appeal, No. 482, Jan. T., 1895, by plaintiff, from judgment of C. P. Cumberland Co., on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on a policy of fire insurance.

At the trial it appeared that the policy contained the following clause:

"If the property real or personal covered by this policy be or become incumbered by a mortgage, trust-deed, judgment or

otherwise, the entire policy shall be void, unless otherwise provided by agreement endorsed hereon or added hereto."

The policy was upon farm buildings, and the property was described as unincumbered.

The plaintiff derived title from his father's will, the material portions of which were as follows:

" It is further my will that the farm or homestead whereon I now reside, consisting or containing one hundred and thirty-seven acres more or less, with all the improvements thereon, at the value of eight thousand dollars, I give to my son John Martin Renninger, to be paid for by him in the following manner:—

" One year after my death he is to commence to pay out yearly the sum of four hundred and fifty dollars ($450) which said four hundred and fifty dollars is to be divided equally between my three children, namely, John Martin Renninger, Elizabeth Bretz and Catharine Bretz, each the sum of one hundred and fifty dollars yearly, till the whole amount of eight thousand dollars is paid to them or their heirs. Then the farm is to be fee simple to my son John Martin Renninger and his heirs forever."

The charge on the land had not been paid at the time the policy was issued.

The court gave binding instructions for defendant.

*Error assigned*, among others, was (4) binding instruction for defendant.

*G. Wilson Swartz, H. S. Stuart* and *M. C. Herman* with him, for appellant.—Nothing is covered by the clause in the policy against incumbrance but mortgages, judgments and trust deeds; Bucher v. Com., 103 Pa. 528; Reynolds v. Commerce Fire Ins. Co., 47 N. Y. 597; act of April 9, 1872, P. L. 47; act of June 2, 1881, P. L. 45; Baley v. Homestead Fire Ins., 80 N. Y. 21 ; Dwelling House Ins. Co. v. Hoffman, 125 Pa. 626; Green v. Homestead Ins. Co., 82 N. Y. 517; Pipe Lines v. Home Ins. Co., 145 Pa. 346; Fire Ins. Co. v. Dougherty, 102 Pa. 572; W. & A. Pipe Lines v. Ins. Co., 145 Pa. 362.

*John T. Stuart* and *C. H. Bergner*, for appellee, were not heard, but cited in their printed brief : McFarland v. Ins. Co., 134 Pa. 590 ; Hench v. Ins. Co., 122 Pa. 128 ; Swan v. Watertown Ins. Co., 96 Pa. 37 ; Penna. M. F. Ins. Co. v. Schmidt, 119 Pa. 460 ; Brown v. Fire Ins. Co., 41 Pa. 187.

PER CURIAM, May 20, 1895 :

There is but a single question in this case. The plaintiff took under his father's will a farm described as "the homestead," containing one hundred and fifty-seven acres with all the buildings and improvements thereon at the price of eight thousand dollars. This sum was to be paid in annual installments to the testator's other children. The buildings on this farm were insured by the devisee and the property described as unincumbered. The question thus raised is whether the eight thousand dollars charged upon this property by the devisor was an incumbrance upon the title of the devisee. The court below held that it was. No reason for disturbing that conclusion has been suggested to us that would justify us in disregarding the judgment, and it is now affirmed.