## Coal Company *v.* Insurance Company.

*Fire insurance—Provisions against liens—Mortgage.*

An insurance company may relieve itself from liability by inserting in its policy the following provision: "If property real or personal covered by the policy of a member be or become incumbered by mortgage, trust deed, judgment or otherwise, the entire policy shall be void unless otherwise provided by agreement indorsed on the policy or added thereto."

A policy containing above provision was held not to be binding on the company, it being admitted that there was a mortgage upon the premises at the date of the negotiating and issuing of the policy, although no representations were made by the insured nor inquiry by the insurer as to whether or not there were any liens or incumbrances upon the property.

Argued April 26, 1900. Appeal, No. 134, April T., 1900, by plaintiff, in a suit of Slope Mine Coal Company against the Quaker City Mutual Fire Insurance Company of Philadelphia, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1898, No. 581, in favor of defendant on case stated. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Assumpsit. Before KENNEDY, P. J.

The following undisputed facts appear from the testimony:

The policy upon which suit is brought bears date June 11, 1897, and runs for the period of one year. The fire which caused the loss occurred October 28, 1897. Proper notice of the fire was given to defendant company, and also proof of loss furnished to it.

Upon the close of the testimony, a verdict was taken in favor

of plaintiff, for the amount of its claim, to wit: the sum of $976.41, "subject to the opinion of the court, on the question of law reserved, to wit: whether the policy sued on in this case is valid and binding on the defendant company, containing as it does the following provision, viz: 'If property, real or personal, covered by the policy of a member, be or become incumbered by mortgage, trust deed, judgment or otherwise, the entire policy shall be void unless otherwise provided by agreement indorsed on the policy or added thereto,' it being admitted that there was an incumbrance, viz: a mortgage on the property insured." The mortgage bears date January 17, 1895, and was an incumbrance upon the property at the date of the negotiating and issuing of the policy. No written application was made for the insurance by the plaintiff company, and no representations were made by the plaintiff that the property was not incumbered, and no questions were asked by the agent of defendant company as to whether there were any liens or incumbrances upon the property.

The court below directed judgment to be entered for defendant on the question of law reserved, non obstante veredicto. Plaintiff appealed.

*Error assigned* was in directing judgment to be entered for defendant on the question of law reserved, non obstante veredicto.

*John O. Petty*, for appellant.—When written or printed conditions are sought to be made part of a contract, they must be seen and assented to by the party to be bound: Lehigh Valley R. R. Co. v. Gray, 3 Walker, 224.

The agent took the risk as beginning June 5, 1897. The company accepted it with liability from that time and did not communicate the terms of its acceptance for several days thereafter.

After acceptance the terms of a contract are so far fixed that neither party can vary essential conditions without the assent of the other: Campbell v. Philadelphia, 10 W. N. C. 221.

In Wood on Insurance (2d ed.), p. 517, the rule is thus stated: "When no inquiries are made, the intention of the assured becomes material, and in order to avoid the policy it must

be found not only that the matter was material, but also that it was intentionally and fraudulently concealed."

See also Jacoby v. Ins. Co., 10 Pa. Superior Ct. 366, and Ins. Co. v. Paul, 91 Pa. 520.

Nor is this case in conflict with Renninger v. Dwelling House Ins. Co., 168 Pa. 350, where although counsel for appellant asserts in his printed argument that no questions were asked when the insurance was effected, the notes of testimony disclose that no evidence was offered to show there had been a waiver by defendant of the condition against incumbrances, and this fact was adverted to by the court below in its opinion on motion for a new trial.

*Christopher Magee, Jr.*, and *James C. Sellers*, for appellee.— No exception was taken by the appellant to the reservation of this question of law, nor to the form of the point as reserved. The parties are consequently bound by it: Boyle v. Mahanoy City, 187 Pa. 1; Rynd v. Baker, 193 Pa. 486.

The question now raised, therefore, is solely as to whether such a condition as that stated in the reserved point, when contained in a policy of fire insurance, can be enforced by the insurer. This question has been expressly answered in the affirmative by the Supreme Court in Renninger v. Dwelling House Ins. Co., 168 Pa. 350: McFarland v. Ins. Co., 134 Pa. 590.

OPINION BY BEAVER, J., May 24, 1900:

The plaintiff claims for a loss by fire under a policy of insurance in which is contained a copy of the by-laws of the company subject to which the policy was issued, article 13 of which is as follows: "If property real or personal covered by the policy of a member be or become incumbered by a mortgage, trust deed, judgment or otherwise, the entire policy shall be void, unless otherwise provided by agreement indorsed on the policy or added thereto."

On the trial in the court below a verdict was taken in favor of plaintiff for the amount of its claim subject to the opinion of the court on the question of law reserved, to wit: "whether the policy sued on in this case is valid and binding on the plaintiff (evidently should be defendant) company, containing as it does the following provision—here follows article 13 of the by-

laws quoted above—it being admitted that there was an incumbrance, viz: a mortgage, on the property insured." Judgment was subsequently entered upon the point of law reserved in favor of the defendant non obstante veredicto.

The only question in the case is, was this judgment rightly entered? In other words, was the plaintiff bound by the condition contained in the thirteenth by-law of the company, of which it was a member, attached to and made part of its policy? No representations were made by plaintiff and no questions asked by defendant as to incumbrances. Defendant's agent made report as to the risk, in which the inquiry as to incumbrances was not answered. The question as to incumbrances is material, because of the increased risk which they entail, and the clause relating thereto has been considered a "substantial condition of the insurance" and binding, unless in some way avoided by waiver or otherwise. In Seybert v. Ins. Co., 103 Pa. 282, in which the policy provided for notice "if the property shall be incumbered by judgment" and a penal bond was given by the plaintiff with confession of judgment conditioned upon the restoration of certain personal property levied upon by the sheriff which was forthcoming but upon which judgment had been entered, it was held that in the absence of notice the policy became void. The same view was emphasized in Penn. Ins. Co. v. Schmidt, 119 Pa. 449, and in Hench v. Ins. Co., 122 Pa. 128. The later cases upon which the court below relied are McFarland v. Ins. Co., 134 Pa. 590, and Renninger v. Ins. Co., 168 Pa. 350, which fully sustain the ruling. The case relied upon by the appellant as being in conflict with this great weight of authority is Ins. Co. v. Hoffman, 125 Pa. 626. The report of this case is extremely meager and unsatisfactory and was affirmed "on the argument at bar." The counsel for the appellant has secured the paper-books in this case and a careful examination reveals the fact that there was a distinct claim of waiver by the company and, inasmuch as this was not alluded to in the opinion of the court below but was argued by counsel for appellee, the fact that the judgment was affirmed on the argument at bar and not on the opinion of the court below is accounted for.

The appellant does not print the statement or affidavit of claim but the "form of policy sued on" is printed and the of-

ficial notes of trial show that "counsel for plaintiff offer the affidavit of claim to show, first, the execution and delivery of the policy of insurance; second, the payment of premium; third, the performance of all the conditions of the policy, except one relating to liens found in article 13, by-laws printed on back of policy; fourth, the loss by fire; fifth, giving notice of the fire; sixth, furnishing proof of loss; seventh, the amount of loss," and rested.    There is no evidence in chief or rebuttal as to the insurance being in force before the policy was issued nor of any waiver of the conditions of the policy.    But, if there were, they are not covered by the point reserved, upon which the judgment was entered, and, therefore, could not avail the plaintiff here.

As was said by Mr. Justice Paxson, in Seybert v. Ins. Co., supra, "We cannot reverse this case, without making a new contract between the parties."

Judgment affirmed.