Mellon National Bank & Trust Company, Appellant, *v.* Cabin.

Argued November 18, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER and WRIGHT, JJ. (WOODSIDE and ERVIN, JJ., absent).

*J. Leonard Smith, Jr.,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*Sidney Baker,* with him *Morris, Boreman, Parker & Krause,* for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

This appeal is from a decree of the lower court discharging a rule to show cause. It involves interpretation of the law relating to motor vehicle title certificates having recorded thereon notations of encumbrances.

Saul Cabin was the owner of a certain Nash Sedan on May 15, 1953, free of any encumbrances. On June 6, 1953, he caused an encumbrance to be noted on his certificate by the Bureau of Motor Vehicles in favor of Rebecca Hoffman, appellee, who was given possession of the said certificate. The car remained in the possession of Saul Cabin. On May 15, 1953, he "orally pledged" his car as collateral security for a debt which he and his wife, Belle Cabin, owed appellee. There was no note or any other instrument evidencing the transaction.

On November 25, 1953, appellant, Mellon National Bank and Trust Company, issued a writ of fieri facias

on a judgment which it held against Saul and Belle Cabin, and directed the sheriff of Allegheny County to levy upon and sell the automobile. It was sold for the sum of $200. The Bureau of Motor Vehicles refused to recognize the bill of sale giving its reason for such refusal the existence of the encumbered title in favor of appellee. Appellee later filed an affidavit with the sheriff claiming the proceeds of the sale basing her claim on the oral pledge and the encumbrance notation on the certificate of title. The proceeds of the sale were impounded pending the entry of an order of court. On motion of the appellant, a rule was granted on appellee to show cause why an order should not be entered directing the net proceeds to appellant on account of its judgment. On July 26, 1954, the court entered an order discharging the rule.

The question involved is whether an oral pledge of a motor vehicle in favor of the pledgee creates a valid lien where possession of the vehicle remains with the pledgor and the pledge is evidenced only by an encumbrance notation on the certificate of title held by the pledgee. The Act of June 27, 1939, P. L. 1135, amended section 203 (b) of The Vehicle Code by adding the following provision: "The certificate of title, when issued by the secretary showing a lien or encumbrance, shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle, trailer, or semi-trailer exists, and failure to transfer possession of the vehicle, trailer, or semi-trailer shall not invalidate said lien or encumbrance." The language of the amendment, we believe, clearly established a method of creating liens on motor vehicles without the necessity of transferring possession. It is contended by appellant, however, that the Chattel Mortgage Act, 1945, June 1, P. L. 1358, substantially affects the rights granted and rules prescribed former-

ly under. The Vehicle Code and that it now establishes an exclusive rule whereby liens against motor vehicles may be created. We do not agree with appellant's contention. We are rather inclined to adopt the appellee's views that the Chattel Mortgage Act merely makes additional legal methods for creating liens of this nature available to people who desire to use them. The Chattel Mortgage Act does not invalidate the 1939 Amendment to The Vehicle Code, nor does it limit any rights which exist under it, but only provides additional remedies. Neither can we agree with the appellant that the case of *Ambler National Bank v. Maryland Credit Finance Company,* 147 Pa. Superior Ct. 496, 24 A. 2d 123, is an authority for a decision in the instant case. The facts in that case occurred before the 1939 Amendment to The Vehicle Code. The case of *Equitable Credit Company v. Stephany,* 155 Pa. Superior Ct. 261, 38 A. 2d 412, is distinguishable from the case before us. There the Court held that the lien was valid but that it could not be used to maintain replevin against one having a possessory lien for services and repairs.

The notation of the encumbrance recorded on the title certificate is sufficient notice to third parties of the existence of a prior lien. The Act of May 1, 1929, P. L. 905, art. II, §208, as amended, 75 PS §38, protects the lien of a lender by requiring the notation of the lien upon the certificate of title and gives sufficient notice to the creditors.

Since the pledge between Saul Cabin and appellee was valid, as stipulated, the notation of the encumbrance on the certificate of title created a valid lien.

The petition for rule to show cause was not only properly dismissed but the order to pay the proceeds of the sale to appellee was also proper.

Order affirmed.