## Friedman *v.* Steibel, Appellant.

Argued October 8, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Carmen V. Marinaro*, for appellant.

*Lee C. McCandless*, for appellees.

OPINION BY GUNTHER, J., January 21, 1958:

This is an action in replevin to recover possession of an Oldsmobile automobile.

Plaintiffs instituted the action against defendant claiming ownership under a bailment lease which was given to Associates Discount Company by Castle Motors and subsequently assigned by Associates Discount Company to the plaintiffs.

Defendant, Joseph F. Steibel, purchased the Oldsmobile from Castle Motors and arranged for financing at the Fidelity Trust Co., not knowing that a prior lien existed on the certificate of title.

The encumbrance was created by Castle Motors (a fictitious name filed by Joseph H. Greenstein and Rose Greenstein) in favor of Associates Discount Corporation which company loaned Castle Motors $1850. The certificate of title was registered in the name of Castle Motors but possession of the certificate showing the encumbrance was retained by Associates Discount Corporation.

The plaintiffs had loaned Joseph H. Greenstein and Rose Greenstein $5,000 and signed an agreement with Associates Discount Corporation guaranteeing payment of loans on automobiles purchased by Castle Motors. Castle Motors discontinued business and Associates Discount Corporation called on plaintiffs to fulfill their obligation as guarantors.

Plaintiffs paid off Associates Discount and accepted an assignment of the bailment lease and certificate of title. The car involved in this case, however, was not on the lot. Plaintiffs discovered possession of the car in appellant and instituted the replevin action.

Appellant, Joseph F. Steibel, filed an answer in which he admitted that Castle Motors leased the car from Associates Discount Corporation who held the certificate of title. He also admitted the assignment by Associates Discount Corporation to the Friedmans but denied the validity of the same for the reason that the Associates Discount Corporation was not in possession of the car.

The question whether the Friedmans knew of the sale of the car to Joseph F. Steibel prior to their taking an assignment from the Associates Discount Corporation was submitted to the jury which found in favor of the appellant. The court on motion for judgment n.o.v. entered judgment for plaintiffs. This appeal is from the judgment of the lower court.

An analysis of the transaction poses this controlling question: If the bailment lease had not been transferred to the plaintiffs, would the Associates Discount Company be in position to enforce its lien against the automobile sold by Castle Motors to Joseph F. Steibel on June 29, 1953?

Section 203 of the Act of 1939, P. L. 1135, 75 P.S. 33, being an amendment to The Vehicle Code, provides as follows:

"The certificate of title, when issued by the secretary showing a lien or encumbrance, shall be adequate notice to the Commonwealth, creditors and purchasers that a lien against the motor vehicle, trailer, or semi-trailer exists, and failure to transfer possession of the vehicle, trailer, or semi-trailer shall not invalidate said lien or encumbrance."

The 1949 amendment to the Act adds that a notation of a lien or encumbrance upon the title to an automobile constitutes adequate notice to the following: "Subsequent mortgagees, lienors, encumbrancers." See Act of 1949, May 18, P. L. 1412, section 3, 75 P.S. section 33. The language of the amendment, we believe, clearly established a method of creating liens on motor vehicles without the necessity of transferring possession. The notation of an encumbrance upon the title to the automobile was equivalent to actual notice to Steibel and he will not now be allowed to assert a right as a bona fide purchaser without notice. Clearly, such assertion could not prevail against Associates Discount Corporation. The record does not disclose that plaintiffs have done anything or placed themselves in position to prevent their recovering the money which they advanced to purchase the valid lien against the automobile. In *Mellon National Bank & Trust Co. v. Cabin,* 177 Pa. Superior Ct. 417, 110 A. 2d 888, we held that the lien of a lender which requires the notation of a lien on a certificate gives sufficient notice to creditors and to third parties.

Plaintiffs, as assignees, are seeking to recover the money paid for the bailment lease and the encumbrance noted on the certificate of title. The transactions here involved were legal and were, primarily, questions of law. The lower court committed no error in sustaining the judgment n.o.v.

Judgment affirmed.