Ayres *v.* American Mutual Insurance Company,
Inc., Appellant.

Argued September 11, 1963; reargued March 18, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Sheldon Tabb,* for appellant.

*Herbert L. Olivieri,* with him *Martin B. Pitkow,* and *Olivieri & Pitkow,* for appellee.

OPINION BY MONTGOMERY, J., November 13, 1963:

Viewing the evidence in a light favorable to the plaintiff and giving him the benefit of all reasonable inferences therefrom, as we are required to do. since he is the holder of the decision, the facts may be stated as follows. In May of 1960 plaintiff-appellee purchased a truck in used condition for $4,000 from F. W. Emmett, Sr. and thereafter improved and equipped it to the extent of $1,800 to $2,000. On May 26, 1960 appellee secured a loan of $4,310.59, for the purpose of buying a truck, through the personal credit department of the Fidelity-Philadelphia Trust Com-

pany on a note signed by himself and his wife. At that time or thereafter he delivered to the bank the titles to two trucks, one of which now concerns us, under two security agreements which are not in evidence. The bank marked on the titles the word "Encumbrance", and according to the testimony of the bank's assistant manager this was done "For the sole purpose so that he would not be able to borrow any money from any other establishment for the truck" (R. 113a). The bank expressly waived insurance on the truck by stamping "Insurance Waived" on the folder. This was done ". . . because of the good credit record of Mr. Ayres and also the equity he has in his property, and there is no need to have anything to hold any more security on" (R. 114a). Had it been a loan based upon the purchase of an automobile the bank would have insisted on insurance and held it. The bank is claiming no interest in the proceeds of this policy and did not register any encumbrance with the Pennsylvania Bureau of Motor Vehicles or have the certification of any encumbrance noted by the bureau on the titles.

The issuance of the policy was admitted by defendant, and it does contain an exclusionary clause against encumbrances. However, since we are led to the conclusion that no encumbrance existed, we need not review the other facts involving the waiver of such provision by defendant. Whether an encumbrance did or did not exist was for the trial judge since in the absence of the security agreement previously referred to the evidence was entirely oral. However, we have previously ruled on a similar situation in *Zaffuto v. Northern Ins. Co. of N. Y.*, 109 Pa. Superior Ct. 376, 167 Atl. 298, wherein we held that unpaid purchase money on the sale of a car is not a lien or mortgage within a similar provision of a policy which must be construed most strongly against the insurer. The

fact that the certificate of title may denominate such unpaid purchase money an "encumbrance" does not make it so, if, in fact, the sale is a straight one on credit. The same reasoning applies here. If Judge REIMEL found the loan to be a personal one, the bank having held the two titles merely to prevent the debtors from becoming indebted to someone else, and claiming no right to the trucks or the proceeds of insurance on them, which is a reasonable inference to be taken from his decision, then this appellant, in the position of having the policy construed most strongly against it, cannot successfully contend that the loan was such as was covered by its exclusionary clause.

Appellant's position in the present case is weaker than the *Zaffuto* case, supra. Therein the encumbrance was noted on the certificate of title by the Highway Department in accordance with statutory regulations. In the present case The Vehicle Code procedure was not followed, the bank merely writing the word "Encumbrance" on the title. Consequently, there was no lien established in the bank's favor in the manner set forth in *Mellon National Bank & Trust Company v. Cabin,* 177 Pa. Superior Ct. 417, 110 A. 2d 888, viz., having a lien noted on the certificate of title by the Bureau of Motor Vehicles following an oral pledge of an automobile without delivery of its possession.

We must also reject appellant's other contention that judgment should be in its favor because of appellee's failure to file a proof of loss in compliance with terms of the policy. Although the policy provided for a proof of loss to be filed within sixty days, and none was filed, the question remains whether this requirement was waived by the insurer. The facts on that feature of the case are as follows. On October 18, 1961, the day after the fire, appellee, by telephone, notified Richard H. Breen, appellant's claims manager,

of his loss. The value of the truck and its equipment were discussed at this time. Mrs. Slater, an employe of the insurer, took an accident report from Mr. Ayres and a series of conversations followed between Mr. Breen and Mr. Ayres, some in person and some by telephone. Settlement of the claim was discussed, the insured demanding $5,300, the insurer offering $800 less salvage. Mr. Post, an adjuster for insurer, also discussed the matter with appellee and on October 25, 1961 wrote him as follows: "When I spoke to you Monday at Duffields Garage regarding your burnt truck you advised you were going to move the truck to another location. Kindly advise where your truck is located and can be inspected by salvage bidders which your company wishes to send out to bid on truck." Mr. Post inspected the truck and the insurer had an estimator from the Gerard Auto Body Company examine the truck and render to it a report of its condition and value. This report was rendered November 20, 1961. Although insurer had forms for proof of loss, it never tendered one to insured or demanded one from him. If the insurer's offer of $800 had been accepted, the insurer would have made out a proof of loss for claimant before issuing a check to him in payment.

From the above facts it clearly appears that the insurer was fully and promptly informed as to the loss, made an appraisal of same and negotiated settlement without offering its form of proof of loss or without advising the insured that one was required, although admitting that it would have prepared one for claimant had its offer of settlement been accepted. Under these circumstances we are led to the conclusion that the lower court was not in error in finding that the provision of the policy requiring a formal proof of loss had been waived. A waiver may be inferred from any act evidencing a recognition of liabil-

ity. *Cara v. Newark Fire Ins. Co.*, 312 Pa. 489, 167 Atl. 356; *Fedas v. Insurance Company of the State of Pennsylvania*, 300 Pa. 555, 151 Atl. 285; *Karp v. Fidelity-Phenix Fire Insurance Company*, 134 Pa. Superior Ct. 514, 4 A. 2d 529.

*Melnick v. American Casualty Company of Reading*, 192 Pa. Superior Ct. 116, 159 A. 2d 744, cited by appellant, is readily distinguishable since in that case no notice of any kind was given within the period provided by the policy. The same is true of *Stoyer v. Franklin Fire Insurance Co.*, 114 Pa. Superior Ct. 555, 174 Atl. 628; no notice of any kind was given within the proscribed period.

There remains the final question as to the excessiveness of the verdict. The policy covered a truck (stated value $6,000) being used for dispensing "Softie Ice Cream". Appellee had purchased it in May, 1960, in a used condition, for $4,000; had improved it with equipment and labor totaling $2,000; and had used it only three months in 1960, and from April until Labor Day, 1961, when the weather permitted, for total mileage of less than 7,000 miles. His opinion of its value when destroyed was a minimum of $6,500. Under this evidence we cannot charge the trial judge with error in awarding $4,435 for its total destruction.

Judgment affirmed.

Opinion on Reargument by Montgomery, J., April 14, 1964:

This matter is before us again following the allowance of a petition ex parte appellant for reargument. Our previous consideration of the case is reflected in our opinion filed November 13, 1963. Our decision following that opinion affirmed the verdict for the appellee because, as we viewed the record, there was insufficient evidence to establish that an encumbrance had existed. The case was tried in the lower court be-

fore Hon. THEODORE L. REIMEL, without a jury, who rendered the decision in appellee's favor without making specific findings of fact. His only expression of the reasons for his action are his recorded words found at the conclusion of the record of testimony:

"Now, gentlemen, having heard this case, the Court finds that the defendant has waived the filing of a proof of loss, and the Court hearing the testimony with reference to this loss notes that this is not just an ordinary vehicle but was a vehicle in which there was installed compressors and generators and cabinets as part of the vehicle itself, and having heard the evidence with reference to these matters, the Court finds for the plaintiff in the sum of $4,435 with interest from October 16, 1961."

It cannot be denied that the existence of an encumbrance was in dispute. The pleadings established that issue. In paragraph eleven of appellant-defendant's answer under new matter it alleges: "On or about May 26, 1960 plaintiff secured a personal loan in the amount of $4,310.59 from Fidelity-Philadelphia Trust Company, Philadelphia, Pennsylvania and transferred title to his 1957 Ford truck to the aforesaid company as security for the aforesaid loan", which was answered in appellee-plaintiff's reply as follows: "Admitted, that Plaintiff secured a personal loan from Fidelity-Philadelphia Trust Co. But it is denied that title to plaintiff's truck was transferred to said Bank." We recognize that in paragraph twelve of appellee's reply he referred to the loan previously mentioned as "said encumbrance", but referring to it as such does not make it an encumbrance as contemplated by the policy or the law. The record discloses other evidence of its dispute on this issue which we need not set forth.

Since all of the testimony was oral and appellee was the winner of the decision, we must consider the evidence in a light most favorable to him; and since

the issue of the existence of an encumbrance was before the court, we may reasonably conclude that Judge REIMEL found that an encumbrance did not exist and that the loan was a personal one on a note signed by appellee and his wife.

. Since the issue of whether the truck was encumbered was not discussed by Judge WEINROTT, who wrote the opinion for the court in disposing of appellant's exceptions to the decision of Judge REIMEL, and same were dismissed for the reason that the encumbrance provision of the policy had been waived, we shall give further consideration to the case on this basis. The relevant facts on this feature of the case, viewing the evidence in a light favorable to appellee, may be stated as follows: John W. Snodgrass, an employe of Mr. Ayres, placed the insurance for him through appellant's agent, Universal Insurance Agency, which viewed the truck and prepared a form known as a "combination automobile binder and application". This form had on its reverse side certain printed conditions, one of which (Item 5) provided that it was binding for 30 days from the date thereof (from April 27, 1961) and was made subject to the terms and conditions of the company policy. Another (Item 6) stated "Unless otherwise stated herein: . . . (b) Except with respect to bailment, lease, conditional sale, purchase agreement, mortgage or other encumbrance, the named insured is the sole owner of the automobile." There is no question on the form or the back of the binder requiring an answer as to whether the vehicle to be covered is actully encumbered, although it does contain the following provision, "Any loss under Coverages D, E, F and G is payable as interest may appear to the named insured and". The binder was signed by Benjamin Stirman, authorized representative for Universal Insurance Agency, and had been prepared from information secured from Snodgrass. When

Snodgrass could not supply the answers he was told that it was not necessary to supply information which he did not have, and that the agent would check with Ayres, which it did not do. Snodgrass paid the agent $50 at that time and signed the name of Horace Ayres to the application at the direction of the agent. Mr. Ayres was never asked to sign any papers. However, Snodgrass delivered to him an unsigned copy of the application and binder, and he made a subsequent payment of $54, the balance due on the policy, on June 26, 1961; and a receipt was returned to him by mail from Universal Insurance Agency.

Although a policy containing the encumbrance provision on which appellant relies was subsequently written for coverage on the truck from April 27, 1961, until October 27, 1961 (a six-month coverage including the thirty days coverage under the binder), with an application attached to it containing a blank for the naming of encumbrance holders and a statement, "This automobile is unencumbered unless otherwise stated herein", this application was never signed by Ayres or Snodgrass, nor was it or the policy delivered to Ayres until after the fire loss had occurred. Therefore, neither Ayres nor Snodgrass was asked the questions relating to encumbrances, nor was either advised by appellant or his agent that the policy would not be effective if one existed and was not reported to the insurer.

Under these circumstances we affirm the lower court in its conclusion that appellant waived this provision of its policy. Although an insurance policy will be rendered void by the existence of encumbrances or liens which are concealed or unduly minimized, a provision against encumbrances will not cause a policy to be rendered invalid by liens not inquired of by the insurer when the policy is issued. *Weiss v. American Fire Insurance Co.*, 148 Pa. 349, 23 A. 991 (1892);

*Dwelling House Ins. Co. v. Peter Hoffman,* 125 Pa. 626, 18 A. 397 (1889); *Jacoby v. Insurance Company,* 10 Pa. Superior Ct. 366 (1899); 19 P.L.E. Insurance §218. The appellant relies heavily on the case of *Coal Company v. Insurance Company,* 13 Pa. Superior Ct. 626 (1900), to support an opposite result. In that case the Coal Company sought to recover under a policy of insurance which contained a copy of the by-laws of the Company, subject to which the policy was issued. It was a mutual company and one of its by-laws read, "If property, real or personal, covered by the policy of a member, be or become incumbered by a mortgage, trust deed, judgment or otherwise, the entire policy shall be void unless otherwise provided by agreement indorsed on the policy or added thereto." Thus, there can be no question that the plaintiff had notice of the provision voiding the policy if the property were encumbered. That case also is distinguishable for the more vital reason that, unlike this appeal, the question of waiver of the policy provision was not before the Superior Court then because the plaintiff failed to preserve the question for purposes of appeal. As the court stated, on page 630, *"There is no evidence in chief or rebuttal* as to the insurance being in force before the policy was issued nor *of any waiver of the conditions of the policy.* But, if there were, they are not covered by the point reserved, upon which the judgment was entered, and, therefore, could not avail the plaintiff here." (Emphasis supplied) We find, therefore, the *Coal Company* case no support for appellant's contentions on the question of waiver.

It also has been held that if insurance is issued without a written application, the insured is not required to detail in writing the amount and character of encumbrances on the insured property. *Curry v. Sun Fire Office,* 155 Pa. 467, 26 A. 658 (1893) This seems to have been what occurred in the present case.

The only application is one for temporary coverage on a binder. It did not specifically inquire as to the existence of encumbrances although it did have a space in which an encumbrance holder could be named so as to share in any loss. The back of the binder restated that the insured was the sole owner, even though encumbrances might exist. Thereafter, no effort was made to complete the application form attached to the policy, or to have the insured sign it. Thus it was issued without written application; or if issued on the application for the binder, it was issued on one which made no inquiries as to the existence of encumbrances.

Judgment affirmed.

WRIGHT, J., concurs in the result.