# Pennsylvania Fire Insurance Company *versus* Dougherty.

1. The waiver of proofs of loss required by a policy of fire insurance, may be inferred by any act of the insurer evincing a recognition of liability or a denial of obligation exclusively for other reasons.

2. Where the loss, under a policy of fire insurance, is total, and of that loss the company has immediate notice, no further notice or technical proofs of loss are necessary.

3. Where, in an action on a policy of insurance, the declaration averred that proofs of loss were duly furnished as required by the policy, and the proof on the trial showed a waiver, *Held*, that the assertion in the narr. being immaterial, might be regarded as surplusage and the variance was not fatal.

4. The holder of an equitable title has an insurable interest in the property, and where equitable owner represented in the application that the title was in her name, and the insurer refused to pay the loss for that reason : *Held*, in an action by her against the insurance company, that she could recover.

5. Lycoming Ins. Co. *v.* Schallenberger, 8 Wr. 259; Farmers' Ins. Co. *v.* Moyer, 10 W. N. C. 129 ; and Ben Franklin Ins. Co. *v.* Flynn and Hamm, 2 Out. 627, followed.

March 8th 1883.   Before MERCUR, C. J., GORDON, PAXSON TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county :* Of January term, 1883, No. 186.

Debt, on a policy of insurance, by Henry Dougherty, administrator c. t. a. of Elizabeth Dougherty, deceased, against the Pennsylvania Fire Insurance Company.  Plea, nil debet.

On the trial, before ALBRIGHT, P. J., the following facts appeared : Elizabeth Dougherty, wife of Henry Dougherty, purchased a lot of ground from the executors of Charles Kramer, on October 17th 1867.  No deed was given for the ground conveyed, but a receipt was given for the purchase money and the grantee entered into possession.  Upon this lot a frame building was erected under the supervision of her husband and one Patrick Boyle, a contractor.  Subsequently, in 1870, the property was sold at sheriff's sale under a mechanics' lien filed against Henry Dougherty and Boyle, their title to the land divested thereby and the legal title to their interest conveyed to one McCue.   In 1876, Elizabeth Dougherty applied to defendant company for a policy of insurance on the frame house. Her application set forth that the title to the house and lot described in the policy was in her name, and by the terms of the contract of insurance, the answers and representations made in

the application were taken as part of said contract and were warranted to be true. The policy further provided :

" Persons having a claim under this policy shall give immediate notice thereof to the company, and as soon thereafter as possible render a particular account and proof, signed and sworn to by them, setting forth . . . (inter alia): 4th. The ownership of the property insured, and the interest of assured in same. . . . 6th. Date of loss, and amount thereof. . . . And until such proofs as were required are produced, . . . the loss will not be payable."

In 1877, during the life of the policy, the frame house was totally destroyed by fire. No proof of loss, such as was required by the policy, was ever furnished to the company by the assured. The plaintiff's narr. averred that she did furnish the required proof of loss, but on the trial no testimony was given in support of the allegation, but it was contended by her counsel that the company, by its own acts had waived the preliminary proofs. The testimony to this effect, which was admitted after objection by defendant's counsel, showed that shortly after the fire, one Shoemaker, an agent of defendant, met the Doughertys and their counsel, Stiles, at the office of the latter ; that Shoemaker then and there informed them that the legal title to the premises not being in the plaintiff, the company did not hold itself liable, and that Mrs. Dougherty " had nothing to get," or words to that effect ; that the plaintiffs, deeming this a waiver of preliminary proof, thereupon brought suit.

The defendants submitted, inter alia, the following points :

1. Under all the evidence the verdict must be for the defendant.

Answer. Negatived.

6. By the terms of the contract the insured was required to give to the company " immediate notice " of a fire, and as soon thereafter as possible render a particular account and proof thereof, signed and sworn to, setting forth certain matters specified in paragraph VI. of the policy ; this formal proof of loss is a a pre requisite to the right of recovery ; and there being no evidence in this case that such proof was furnished, the verdict must be for the defendant.

Answer. Negatived. If you find that there was a waiver made by one having power to act in that reference for the company, as stated in the charge, there may be a recovery notwithstanding the fact that no notice of loss, etc., was given— that is, if plaintiff is entitled to recover so far as other questions in the case are concerned.

7. In the plaintiff's narr. it is averred that a sworn proof was furnished the corporation defendant as is required by the

terms of the contract, while the proof on the part of the plaintiff is that no such proof was furnished. This is a fatal variance between the allegations and the proof, and the verdict must be for the defendant.

Answer. Negatived.

9. Under the pleadings in the cause the verdict must be for the defendant.

Answer. Negatived.

5. According to the uncontradicted evidence the title to the premises in question was in John McCue at the time the application was made and when the fire occurred, and consequently the verdict must be for the defendant.

Answer. Negatived.

Verdict for the plaintiff for $693, and judgment thereon. The defendant took this writ of error, assigning for error, inter alia, the answers to his points quoted above.

*Edward Harvey*, for the plaintiff in error.—There was no sufficient evidence to submit the question of implied waiver to a jury and the court should have so charged : Angier *v.* Eaton Co., 11 W. N. C. 146 ; Beatty *v.* Lycoming Ins. Co., 16 P. F. S. 17 ; Diehl *v.* Ins. Co., 8 P. F. S. 452. But even if there had been evidence, it was improperly admitted under the pleadings, which distinctly averred that proofs of loss had been furnished. A material variance between the allegata and probata is fatal to plaintiff's claim. By the terms of the policy a formal proof of loss under oath was made a condition precedent to a right of action. That condition could either have been performed or its performance waived. If the narr. alleges performance it should have been proved. Waiver of performance is no proof of the affirmative averment of performance. Hence we objected to the evidence when it was offered, and asked the court in two points to direct a verdict for defendant because of this variance : Cunningham *v.* Shaw, 7 Barr 401; Couch *v.* Ingersoll, 2 Pick. 292 ; Colt *v.* Miller, 10 Cush. 49 ; Palmer *v.* Sawyer, 114 Mass. 2 ; Hapgood *v.* Shaw, 105 Id. 276 ; Murdock *v.* Caldwell, 10 Allen 299.

The title not being in Mrs. Dougherty's name, as she warranted it to be, and these facts being shown by the uncontradicted testimony, the court should have affirmed our points, and instructed the jury to render a verdict for defendants.

*John D. Stiles & Son* and *R. E. Wright & Son*, for defendant in error.—The loss being total and that fact being known to the company, no formal proofs were necessary. But even if they were, the act of the insurer in denying his liability, and refusing to pay, was a waiver of the technical proofs of loss,

which are at best merely conditions precedent to the institution of the suit and not to the liability of the company: Ireland Insurance Company *v.* Stauffer, 9 Casey 404; Commonwealth Ins. Co. *v.* Sennett, 5 Wright 164; Franklin Fire Ins. Co. *v.* Updegraff, 7 Id. 350; Flanders on Insurance 541, 542: Slate Ins. Co. *v.* Modd, 2 Norris 272; Farmers' Ins. Co. *v.* Moyer, 10 W. N. C. 129; Farmers' & Mech. Ins. Co. *v.* Meeks, 10 W. N. C. 313; Farmers' Ins. Co. *v.* Ensminger, 12 W. N. C. 9.

The cause was tried solely on its merits, irrespective of the allegations of the narr. No technical objection, like that of variance, will defeat the result. Courts, including those of last resort, are clothed with unlimited power to amend, and if the variance complained of in this cause be material, we ask that the narr. be so amended as to make the pleading conform to the verdict. The power of this court to do this, to meet the ends of justice is supported by numerous authorities: Ins. Co. Meeks, 10 W. N. C. 307; Same *v.* Moyer, Id. 129; Slate Ins. Co. *v.* Todd, 2 Norris 272; Bank of U. S. *v.* Lyman, 1 Blatchf. 297; Sherman *v.* Clark, 3 McLean 91; Cobb *v.* West, 4 Duer 38.

Mr. Justice GORDON delivered the opinion of the court April 16th 1883.

The learned counsel for the plaintiff in error classifies and argues his ten assignments of error under three heads:—First, that there was no evidence of a waiver on part of the insurance company, of the proofs of loss. Second, that under the pleadings, proof of an implied waiver was not admissible. Third, that the assured had no such title to the insured premises as that warranted in her application.

Adopting the order thus prescribed, we make answer to these assignments as follows: First, the waiver of the proofs of loss required in a policy, may be inferred by any act of the insurer evincing a recognition of liability or a denial of obligation exclusively for other reasons: Inland Ins. Co. *v.* Stauffer, 9 Ca. 397; Lycoming Mutual Ins. Co. *v.* Schollenberger, 8 Wr. 259; Home Ins. Co. *v.* Davis, 2 Out. 280; Ben. Franklin Ins. Co. *v.* Flynn & Hamm, Id. 627. Under the rule thus settled by the authorities cited, we cannot say that there was no evidence that the company's agent, Shoemaker, had refused payment solely on the ground of the want of title in Mrs. Dougherty to the insured premises. It is true, that Mr. Stiles's testimony is, in this particular, not as clear as it might have been, nevertheless he professes to have a recollection that the refusal to pay was put on that ground, hence, there was something for the jury. Proofs of loss, as was said in the case first above cited, are at best merely conditions precedent to the bringing of

an action and not of insurance. Prima facie, the insured is entitled to have his loss made good immediately upon its happening, and when that loss appears to be an honest one, we are not disposed to scan very strictly the evidence which tends to rebut a technical forfeiture of the right to payment.

But beyond this; as the policy embraced a house alone, which was valued at $700; as the loss was total, and as of that loss the company undoubtedly had full notice, we think, under the authority of the Lycoming Mutual Fire Ins Co. *v.* Schollenberger, 8 Wr. 259; and the Farmers' Mutual Insurance Co. *v.* Moyer, 10 W. N. C. 129, no further notice or proofs of loss were necessary. As a rule, the law does not require vain things, and technical proofs could but restate that of which the company was already fully informed, hence, to insist upon them in a case like that in hand, would be to oppose the barest technicality as a bar to the plaintiff's right to recover a strictly honest claim.

Second; from the view we have taken of this case, the assertion in the narr. that regular proofs of loss were duly furnished to the company, becomes immaterial, and may be treated as surplusage, hence the question of a variance between the allegata and probata does not arise. If, however, this be regarded as one of the questions of this case, it may be disposed of by reference to the case of the Insurance Company *v.* Flynn & Hamm, supra, where it is held that such variance is not material.

Third; on this head it is enough to say, that as the equitable title to the property in controversy was vested in Mrs. Dougherty by the Kramer receipt of October 7th 1867, it was, for all the purposes of this suit, equivalent to a fee, and of such title she was not divested by the judgment and sale on the mechanics' lien against her husband.

The judgment is affirmed.