## David C. Powell v. The Agricultural Insurance Company of Watertown, N. Y., Appellant.

*Insurance—Fire insurance—Construction of policy—Condition—Notice of loss.*

When the subject of the insurance is a single structure and notice of its total destruction by fire during the life of the policy has been duly given to the insurance company, and there is nothing to indicate that specific proofs are in any manner necessary or useful to the company in order to determine its rights or ascertain the extent of its liability under the policy,

and no assertion or claim of that character is made, neither justice nor sound public policy requires that the insured shall be deprived of the substantial fruits of his contract because he has failed to furnish those immaterial and unnecessary particulars.

The facts in the case at the bar bring it within the principle governing losses on single subjects of insurance, without infringing any of its qualifications, and therefore it is held that the plaintiff was not required to furnish more specific proofs.

*Evidence—Witness—Refreshing memory by memoranda.*

When upon a trial documents or testimony have been erroneously rejected, but afterward admitted, the error is cured and there is nothing left for correction by the appellate court.

Permission was asked and refused to permit a witness on the stand to refresh his memory by looking at a paper handed him by counsel; subsequently the witness was permitted by the court to examine the paper and, being recalled, answered the question without objection. *Held*, that the error, if any, of refusing permission to refresh witness's memory was cured by subsequent action.

While in the due administration of the law this court must regard and enforce technical rules of practice, we will neither broaden their scope, nor extend their application except where that can properly be done and the ends of justice require it.

Argued April 21, 1896. Appeal, No. 79, April T., 1896, by defendant, from judgment of C. P. Washington County, Aug. Term, 1893, No. 175, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before McILVAINE, P. J. Verdict for plaintiff for $600.

The facts of the case, including the essential portions of the policy of insurance, are stated in the opinion of the Superior Court as follows:

On October 29, 1892, the defendant company, by A. A. Hill, its authorized agent, insured the plaintiff's dwelling house against fire in the sum of $600 for one year from that date, and received the premium from the insured. The building, with its uninsured contents, was totally destroyed by fire May 10, 1893, and on the following day the plaintiff sent a written notice of the loss to Hill, the agent who countersigned the policy, and afterward on the same day called and told the agent what he knew about the fire. From the information thus given him, the

agent then wrote and mailed to the company a formal notice or report of the loss, stating the day and hour of the fire, the number of the policy, the amount of insurance, that the loss was under item No. 1 of the policy " (On Dwelling house),"— the name of the assured, the character and location of the insured property, and that: " There was no one about the house at the time the fire occurred. They had gone into town, everything was consumed, furniture and all, there was nothing left only stone wall." This report was signed and mailed to the company on the same day and was received at the general agency of the company in Baltimore, Md., May 12, 1893. The plaintiff, according to his testimony, believed that he had thus complied with all the requirements of the policy.

Some six weeks after the fire, the company sent their special agent, Torrence, to investigate the loss, and according to the statement of D. A. Clarke, the general agent of the company, he reported that the house was unoccupied at the time of the fire, and was in bad condition before. The general agent in his letter to Mr. Hill, dated June 13, 1893, after referring to the special agent's report, says: " If the assured should come to you for information as to how to proceed in relation to this matter, please refer him to his policy, and give no directions whatever. .Also state to him that you have no authority to act in cases of adjustment. I am afraid you have gotten us in a bad scrape, but perhaps if you will follow out my instructions, we will get out of it without much difficulty."

The policy required that the insured, within sixty days after the fire, should render a statement to the company, signed and sworn to by him: " Stating the knowledge and belief of the insured as to the time and origin of the fire ; the interest of the insured and of all others in the property ; the cash value of each item thereof, and the amount of loss thereon ; all incumbrances thereon ; all other insurance, whether valid or not, covering any of said property ; and a copy of all the descriptions and schedules in all policies ; any changes in the title, use, occupation, location, possession, or exposure of said property, since the issuing of this policy ; by whom and for what purpose any building herein described and the several parts thereof, were occupied at the time of fire." This statement was not furnished and no formal proofs of loss were made.

**154**      POWELL *v.* INS. CO., Appellant.

Statement of Facts—Assignments of Error.    [2 Super. Ct.

Upon the trial the company defended on two grounds, namely : That no statement as called for by the policy was rendered by the plaintiff ; and that the insured building was vacant for ten days preceding the fire within the meaning of the policy, and therefore the plaintiff was not entitled to recover. The first ground of defense was not denied by the plaintiff and the company submitted testimony in support of the second.

*Errors assigned* were, (1) refusing to permit the witness, Hill, while on the stand to refresh his memory from certain papers handed him by counsel; (2) in part of the charge as follows:

" Now, Mr. Powell testifies, and he is corroborated, that the morning after the fire he first sent a young man that was in his employ, Mr. Mikesell, to A. A. Hill, the agent of the defendant company who took this insurance, with a note in which it was stated in writing simply that the house upon which he had taken the insurance from the defendant company had been burned the night before. The next day, however, he, in company with Dr. Storer, went to see the agent personally and then made a statement to the agent in regard to the fire ; and the agent took down the facts in regard to the fire, as stated by him on a blank that the company had furnished him on which to make reports when there was a loss to the company. Now, that report, as filled out, was signed by Mr. Hill. Mr. Hill took down, as we understand the testimony—and you will recollect whether that is correct or not—the statement as made by Powell for this report that he made to the company of the fire and of the loss ; he didn't have Mr. Powell sign it and swear to it, but he signed it himself and sent it in. Now, as a matter of fact the manner in which the loss was communicated to the company, and the amount of it, was not strictly in compliance with the conditions as set forth in this policy ; but the law says that this is a condition not of insurance but a condition upon which depends the right of the insured to bring a suit, and therefore we must give it a reasonable construction, and not such a forced construction as would prevent the doing of justice between the parties.

" Now, taking into consideration the fact that the company had knowledge of what was insured, a dwelling house, a single

item of property, the fact that the value of the house was fixed by the policy, the insurance that was placed upon it, the fact that Mr. Hill communicated to them, he being their own agent, that the house had been entirely destroyed, we leave it to you to say whether or not, taking into consideration the response of the company to Mr. Hill and the fact that there was a man sent out by the insurance company to look at the house—we leave it to you to say whether or not the company under the circumstances waived a strict compliance with this condition. If they did, then the plaintiff has properly brought his suit and can stand upon the implied waiver, if you should find there was one; and we leave that question to you."

(3) Answer to the defendant's point, which point and the answer to it follow:

The plaintiff having failed to show that he furnished either to the defendant itself, or to any of its agents, the proofs of loss stipulated for in the policy, he cannot recover and the verdict must be for the defendant. *Answer:* Refused. Subject to what we have said in our general charge, we leave it to you whether formal proof of loss was waived by the company or not. If it was not, the plaintiff cannot recover, and the verdict should be for the defendant.

*H. M. Dougan,* for appellant.—The charge is objectionable in that it inadequately, and sometimes incorrectly, states the law applicable to this case: Beatty v. Ins. Co., 66 Pa. 9; Gould v. Ins. Co., 134 Pa. 587; Everett v. Ins. Co., 142 Pa. 343; Inland Ins. & Deposit Co. v. Stauffer, 33 Pa. 403; Desilver v. Ins. Co., 38 Pa. 133; Ins. Co. v. Hebard & Forsman, 95 Pa. 45; Girard Life Ins. Co. v. Ins. Co., 97 Pa. 28; Ins. Co. v. Helfenstein, 40 Pa. 296. Refusal of the defendant's point was error for the reason that compliance with the stipulations of the policy involved conditions precedent to plaintiff's right to recover: Desilver v. Ins. Co., 38 Pa. 133.

To submit a fact destitute of evidence as one which may nevertheless be found is an encouragement to err which cannot be too closely observed, or unsparingly corrected: Stouffer v. Latshaw, 2 Watts, 167; Egbert v. Payne, 99 Pa. 244; Newbaker v. Alricks, 5 Watts, 183; Evans v. Mengel, 6 Watts, 72; Hannay v. Stewart, 6 Watts, 487; Switland v. Holgate, 8 Watts,

156        POWELL *v.* INS. CO., Appellant.

Arguments—Opinion of the Court.        [2 Super. Ct.

385; Prescott v. Union Ins. Co., 1 Whart. 399; Wilson v. Davis, 5 W. & S. 521; Gilchrist v. Rogers, 6 W. & S. 488; Bradley v. Grosh, 8 Pa. 45; Jones v. Wood, 16 Pa. 25; Sartwell v. Wilcox, 20 Pa. 117; Kirkpatrick v. Vanhorn, 32 Pa. 131; Jordan v. Headman, 61 Pa. 176.

*Jno. C. Bane*, for appellee.

OPINION BY SMITH, J., July 16, 1896 (after stating the facts as set out in above statement):

The court left it to the jury to say whether, in view of the information given by the plaintiff to the company's agent, together with the facts stated, the company had waived a strict compliance with the section of the policy calling for the specific statement, and also, under instructions, submitted the question of vacancy for their determination. The jury found in favor of the plaintiff for the amount of the policy. This action of the court forms the principal subject of complaint raised by the second and third assignments of error, and these will be considered together.

An examination of the record and the assignments of error fails to disclose that any of the matters called for in the statement or proofs of loss was material or necessary in order to ascertain the bona fides of the plaintiff's claim or its amount, or the extent of the defendant's liability. The insured remained the sole owner of the property; its value at the time of the loss, according to the weight of the evidence, exceeded the amount of the insurance; there were no incumbrances and no other insurance on it; there was no change in the title; and the building was continuously occupied as a dwelling during the life of the policy, the only difference being that the owner succeeded a tenant in the possession, and occupied it as he had done before the demise. The right to a "change of occupants without increase of hazard" is expressly given by the policy. The evidence was abundant to sustain the finding that the building was occupied and that there was no vacancy during the period covered by the policy: Doud v. Dwelling House Ins. Co., 141 Pa. 47. While the testimony leaves little doubt that the company had concluded within the sixty days not to pay the loss on the ground that the building was vacant as stipulated

against in the policy, yet it does not appear that the plaintiff knew this or was notified of it within that period, and therefore that would not avail him, or in itself excuse his noncompliance with this provision of the contract: Gould v. Dwelling House Ins. Co., 134 Pa. 570 ; Everett v. London etc. Ins. Co., 142 Pa. 332.

There is no doubt under the law that where the subject of insurance embraces many items of property, specific proofs must be rendered as required by the policy, because the particulars are or may become necessary in order to properly adjust the loss ; and where certain matters required to be stated in the proofs are necessary in order to ascertain the extent of the company's liability, those things should be furnished : Insurance Co. v. Hocking, 115 Pa. 398.

The insurer may waive the production of specific proofs, or, by the conduct of its officers, be estopped from requiring them. If the present case turned on the existence of such waiver or estoppel, the sufficiency of the evidence to establish this might well be questioned. But as we view the case, a decision of this question is unnecessary.

When the subject of the insurance is a single structure, and notice of its total destruction by fire during the life of the policy has been duly given to the insurance company, and there is nothing to indicate that specific proofs are in any manner necessary or useful to the company, in order to determine its rights or ascertain the extent of its liability under the policy, and no assertion or claim of that character is made, neither justice nor sound public policy requires that the insured shall be deprived of the substantial fruits of his contract because he has failed to furnish those immaterial and unnecessary particulars. To insist upon them under these circumstances " would be to oppose the barest technicality as a bar to the plaintiff's right to recover 'a strictly honest claim : " Insurance Co. v. Dougherty, 102 Pa. 568. It has been said by the Supreme Court in many cases that where the subject of insurance was a single structure which had been totally destroyed by fire, and the insurance company was duly notified of the occurrence, no further notice or technical proof of loss was necessary to enable the insured to recover on the policy : Insurance Co. v. Schollenberger, 44 Pa. 259 ; Insurance Co. v. Moyer, 97 Pa. 441 ; Insurance Co. v. Davis,

98 Pa. 280; Insurance Co. v. Dougherty, 102 Pa. 568; Insurance Co. v. Staats, 102 Pa. 529; Insurance Co. v. Cusick, 109 Pa. 157; Insurance Co. v. Haws, 20 W. N. C. 370: Weiss v. Insurance Co., 148 Pa. 349; Roe v. Insurance Co., 149 Pa. 94; McGonigle v. Insurance Co., 168 Pa. 1. It is true that in each of these cases one or more additional reasons were set up as grounds for relieving the insured from the duty of submitting formal proofs of loss, but the principle stated had a controlling though not an exclusive influence in their disposition by the Supreme Court. In Roe v. Insurance Co., supra, this principle and that of waiver were both applied, and the Supreme Court, Justice FELL delivering the opinion, said: " Both of these principles were applicable to the facts of this case, and either of them is sufficient to defeat the defendant's defense." The policy in that case—which, though not given in the report, is found in the appellant's paper-book—called for a specific statement of all the matters required by the policy in the case before us.

The company never asked for any proofs of loss, and it is quite evident from the caution of the general agent to Mr. Hill that none were desired. Evidently it was hoped that, through the meshes of technicality, the company might get out of a " bad scrape," which in this instance, apparently, meant the payment of an honest claim. The facts bring this case within the principle governing losses on single subjects of insurance, without infringing any of its qualifications, and therefore, we hold that the plaintiff was not required to furnish more specific proofs.

The first assignment is devoid of merit. It complains that the court erred in refusing to allow a witness to refresh his memory from a paper proposed to be handed to him. But the record and notes of evidence show that afterward, and before the witness finished his testimony, by permission of the court he was allowed to step aside and examine the paper, and resuming was asked what he thought " after having refreshed your recollection by looking at that paper;" and the witness answered the question, without objection. Having thus fully secured everything withheld by the first ruling, the defendant was not injured and has nothing upon which to base a complaint here. It has been held that when, upon the trial, documents (Wertz v. May, 21 Pa. 274), or witnesses (Rogers v. Kichline,

36 Pa. 293), or testimony (Worrall v. Pyle, 132 Pa. 529; Nesbitt v. Turner, 155 Pa. 429) have been rejected, but afterwards admitted, the error has been cured and there is nothing left for correction by an appellate court.

· The criticism of what the learned court said relative to the correspondence between the local and general agency, and the visit of the special agent to the scene of the fire, is hypercritical, and, under the substantial facts of the case, wholly unwarranted. While in the due administration of the law this court must regard and enforce technical rules of practice, we will neither broaden their scope, nor extend their application except where that can properly be done and the ends of justice require it.

The assignments of error are overruled, and the judgment is affirmed.