## Cara, Appellant, v. Newark Fire Ins. Co.

Argued May 1, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles E. Berger,* for appellant, cited: Livingstone v. Boston Ins. Co., 255 Pa. 1; Lycoming Mut. Ins. Co. v. Schollenberger, 44 Pa. 259; Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Beech v. Ins. Assn., 137 Pa. 617; Roe v. Ins. Co., 149 Pa. 94; Jenkins v. Ins. Co., 282 Pa. 380; Fedas v. Ins. Co., 300 Pa. 555; Gartsee v. Ins. Co., 30 Pa. Superior Ct. 602; Lapcevic v. Ins. Co., 40 Pa. Superior Ct. 294.

*Horace M. Schell,* with him *Roscoe R. Koch,* for appellee.

OPINION BY MR. JUSTICE DREW, May 22, 1933:

This is an action in assumpsit upon a policy of fire insurance issued by the defendant, to recover a loss suffered by plaintiff by the burning of the insured property, a coal breaker, on June 9, 1929. At the close of plaintiff's testimony, the trial judge granted defendant's motion for a compulsory nonsuit on the ground that plaintiff had failed to show compliance with the provision of the policy requiring him to furnish to the company a signed and sworn proof of loss within sixty days after the fire. After argument, the court in banc refused to strike off the judgment thus entered, and plaintiff appealed.

The amount of the insurance was $2,500, and the property insured was the "building, building materials, lumber and supplies of every kind and description on the premises, being that which does or formerly did constitute a breaker" while in the course of demolition by the plaintiff, who was salvaging the structure; the liability of the defendant insurer, however, was not to exceed the market value of the reclaimed property, which was principally lumber. It was admitted, in the affidavit of defense, that the insured property was totally destroyed by the fire.

Plaintiff testified, through an interpreter, that the fire occurred on a Saturday night; that the following Monday morning he reported it to the agent who had written his policy; that two days later a representative of the General Adjustment Bureau, named Andrews, came to see him; that Andrews said he represented a number of insurance companies, including defendant, and that he was to do the investigating; that he executed and mailed to Andrews certain papers which the latter had left with him; and that two days later, less than a month after the fire, he also mailed to Andrews his proofs of loss. Plaintiff further testified that the actual value of the lumber in the breaker was $10,000, and an expert witness called on his behalf estimated the market value of the lumber to be $18,000. Andrews, who was called by plaintiff, testified that he was employed by the General Adjustment Bureau, which represented the defendant; that he was sent to investigate the cause of the fire and to determine what was burned; and that he had not received any proofs of loss from the plaintiff.

Plaintiff argues that the mailing of the proofs of loss to the adjuster for the defendant company was a sufficient compliance with the requirements of the policy. He also contends that, in any event, it was unnecessary for him to file any proofs of loss, inasmuch as there was a total destruction of the property insured. In this latter contention we think plaintiff is clearly right. The property insured constituted a single structure, as was stated in the policy. The building was completely destroyed. Defendant, the insurer, was given prompt notice of this fact, its adjuster then visited and inspected the premises, and it made no demand for formal proofs of loss. Under these circumstances, it is well settled by our decisions, it was not necessary for plaintiff to file formal proofs of loss: Lycoming Co. Mut. Ins. Co. v. Schollenberger, 44 Pa. 259; Farmers' Mut. Ins. Co. v. Moyer, 97 Pa. 441; Pa. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Beech v. Ins. Assn., 137 Pa. 617; Roe v. Ins.

Co., 149 Pa. 94; Livingstone v. Ins. Co., 255 Pa. 1; Jenkins v. Ins. Co., 282 Pa. 380; Powell v. Ins. Co., 2 Pa. Superior Ct. 151; Gartsee v. Ins. Co., 30 Pa. Superior Ct. 602; McGinnis v. Ins. Co., 38 Pa. Superior Ct. 390. The reason for this was stated by Mr. Justice GORDON in Pa. Fire Ins. Co. v. Dougherty, supra: "As a rule, the law does not require vain things, and technical proofs could but restate that of which the company was already fully informed, hence, to insist upon them in a case like that in hand, would be to oppose the barest technicality as a bar to the plaintiff's right to recover a strictly honest claim."

The learned court below, in answering this contention of plaintiff that no formal proofs of loss were necessary, held that the rule which we have stated applies only to cases where the insurance is by a valued policy— that is, where the terms of the policy fix the amount payable in the event of a total destruction of the property. This, we believe, was error. Our cases make no such distinction. The official report indicates that, in Roe v. Ins. Co., supra, the policy was not a valued one; the insurance there was against "all such immediate loss or damage, not exceeding in amount the sum insured, ...... nor the actual cash value of any building or other property at the time of loss or damage as shall happen by fire or lightning, to the property above specified." And, an examination of the records shows, the insuring clauses of the policies sued upon in Livingstone v. Ins. Co., supra, Jenkins v. Ins. Co., supra, and McGinnis v. Ins. Co., supra, were almost identical with that of the policy which is the subject of the present action. In all of these cases, as we have seen, the filing of proofs of loss was held unnecessary because of total destruction of the insured property.

This disposition of the case makes it unnecessary for us to pass upon the other questions raised by counsel.

Judgment reversed and a new trial awarded.